[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a Petition for a Writ of Habeas Corpus seeking a new trial on the grounds that the petitioner's conviction was fatally tainted by ineffective assistance of counsel.
It is undisputed that the Petitioner was convicted at a jury trial conducted in this Court in 1994 under Docket Number CR93-87832 of the crimes of sexual assault in the first degree (C.G.S. § 53a-70(a)(1)), unlawful restraint in the first degree (C.G.S. § 53a-95(a)), assault in the third degree (C.G.S. § 53a-61(a)(1)), and reckless endangerment in the first degree (C.G.S. § 53a-63(a)). Thereafter, Petitioner was sentenced to serve an effective sentence of ten years, suspended after two years, with a five year probationary period. He is presently at liberty on bond set by the Court.
This court has reviewed the following transcripts:
(Plaintiff's Exhibit A).
 May 4, 1994 — 201 pages; May 5, 1994 — 139 pages; May 6, 1994 — 39 pages;
(The Assistant State's Attorney's closing arguments and the CT Page 11271 Jury charge were not included in the May 6th transcript.)
 July 29, 1994 — 22 pages September 9, 1994 — 18 pages
(The September 9, 1994 transcript is not complete).
The court was unable to obtain the Exhibit file in the underlying criminal case as it is "under seal" in the Appellate Court.
The court received testimony from one independent expert witness, Attorney James Swaine. Attorney Swaine, in the opinion of the court, was an academic rather than a seasonal criminal trial lawyer. Attorney Swaine testified that he did not review the Exhibits. He, therefore, did not know what the victim's appearance was at trial. Attorney Swaine also testified that, in his opinion, the underlying criminal case was a very close case and, but for, the ineffective assistance of counsel, the Petitioner probably would have been acquitted.
The court, after hearing the testimony in the instant case and reading the transcript in the criminal case, concludes that the State had a very strong case against the Petitioner.
The pertinent allegations are set out in paragraph three of the Petitioner's Petition For Writ of Habeas Corpus. He alleges as follows:
The aforesaid conviction, and the resulting restraint upon the petitioner's liberty, were directly and proximately caused by ineffective assistance of counsel which violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under Article 1 of the Constitution of Connecticut in the following respects:
A. During a substantial part of his trial, the attorney who represented him at trial was intoxicated and by virtue of such intoxication was not fully present mentally at the trial and incapable of providing competent representation;
B. His said attorney failed to file necessary motions and other papers with the Court;
C. His said attorney failed to conduct a proper investigation CT Page 11272 prior to and during the trial;
D. His said attorney failed to call available and important witnesses on his behalf;
E. His said attorney failed to deliver a proper or even comprehensible summation.
The first witness, a friend of Petitioner, testified that he attended a portion of the first and final day of the criminal trial. He said that he came down on the elevator immediately after the verdict with defense counsel and others. He smelled alcohol in the elevator but was unable to identify the source of the alcohol smell. The witness was also a member of the union in which Petitioner's father serves as Business Agent.
The Sheriff, Court Reporter, a defense counsel associate and the Assistant State's Attorney, all of whom were in court during all or a portion of the trial and in close proximity to defense counsel during the criminal trial, testified that they did not smell alcohol on defense counsel's breath.
There was testimony that defense counsel fell out of his chair while in the courtroom during the proceedings. A deputy sheriff testified that he fell after leaning too far back in the chair. The defense attorney testified to the orthopedic and arthritic problems which severely limit his mobility and cause him to lose his balance.
The evidence regarding the intoxication of the defense counsel was conflicting and not persuasive. This court can only conclude that the experienced presiding judge would have stopped the trial if he felt that defense counsel was under the influence of alcohol.
Petitioner claims that the defense counsel failed to conduct a proper investigation. The investigator retained by defense counsel testified, as did defense counsel, that Petitioner never gave them names of potential witnesses. The Petitioner testified that he provided defense counsel with names of witnesses who would testify that Petitioner was seduced by the victim at the bar where she was performing as an exotic dancer.
The defense counsel testified that during the criminal trial, Petitioner introduced him to two or three individuals who Petitioner said would testify on behalf of Petitioner. Defense CT Page 11273 counsel felt that these individuals would not add anything. He was concerned that the evidence they might give would be "manufactured".
The witnesses that testified at the habeas hearing offered no further facts than what was revealed at the trial. In this Habeas Hearing a co-worker of Petitioner testified that he signed in blank the piece of paper introduced into evidence as Petitioner Exhibit C. The Petitioner, or someone under his direction, then inserted the following above the witnesses' signature "Between May 4-6
1994, and the hours of 10:00 a.m. and 5:00 p. m., I saw Frank Krzywicki; drinking soda while in the company of Attorney Joseph Mirsky, drinking shots of V.O. at Dollan's Grill, Bpt. Ct." So much for the credibility of Petitioner.
It was very much evident to the court that counsel for the Petitioner was unaware of this fabricated Exhibit.
The recall of the victim to the witness stand was not, in the opinion of this court, a major factor in the outcome of the criminal trial.
Was the closing argument classic oratory? From a reading of it, the court would conclude it was not. The court does not believe, however, that the closing argument, or lack thereof, resulted in the conviction of the Petitioner.
In their briefs, each side cites Strickland v. Washington,466 U.S. 668. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside a death sentence requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient permanence prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington, Id.
In this case the Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.Hill v. Lockhart, 474 U.S. 52.
The court finds that the Petitioner did not prove that there is a reasonable probability that but for the unprofessional errors of counsel, the result of the criminal proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 693. CT Page 11274
For the above reasons, the petition is denied.
So Ordered.
Dated at Stamford, Connecticut this 5th day of October, 1995.
RICHARD TOBIN, JUDGE